UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD C. WRIGHT,<br><br>Defendant. | Case No. 3:19-cr-00012-MMD-WGC-1<br><br>ORDER |

**I. SUMMARY**

Defendant Edward C. Wright was indicted on two counts for receiving and possessing child pornography. (ECF No. 1.) Defendant moves to suppress the evidence the government collected from his tablet computer ("Motion").[1] (ECF No. 20.) This order focuses exclusively on Defendant's request for a *Franks*[2] hearing contained within that Motion. As further explained below, because the investigating detective's omission of a tipster's felony conviction for an offense bearing on his truthfulness in her affidavit supporting her application for a search warrant that led to the discovery of evidence on that tablet, along with the tipster's statements to the effect he could have possessed Defendant's electronic devices, and that he wanted to see Defendant arrested, the Court will grant Defendant's request for a *Franks* hearing, and defer otherwise ruling on Defendant's Motion until after that hearing.

///

---

[1]The government filed a response (ECF No. 25), and Defendant filed a reply (ECF No. 27).

[2]*Franks v. Delaware*, 438 U.S 154 (1978).

## II. BACKGROUND

The Court relies on documents filed by Defendant with his Motion to construct this factual background. The Court's understanding of these facts may change after the hearing. Moreover, this background section focuses only on the facts relevant to Defendant's request for a *Franks* hearing.

Defendant was living with Timothy Bennett. (ECF No. 20 at 2.) Bennett called the police on January 28, 2019 to report that he discovered what he thought was child sexual abuse imagery on Defendant's tablet. (*Id.*) Bennet spoke with Detective Thomsen. (*Id.*) After that conversation, Detective Thomsen interviewed Bennett twice. (*Id.*) Detective Thomsen recorded those interviews. (*Id.*)

In the interviews, Bennett explained how he came to know Defendant, how he let Defendant move in with him, and how he came to find what he thought was child sexual abuse imagery on Defendant's tablet. (ECF No. 20-1 at 6-7.) Bennett also described the images he saw on the tablet. (*Id.*) Detective Thomsen noted all of this information both in her police report (*id.*), and in the affidavit she filed in support of her application for a search warrant ("Application") to search three electronic devices that belonged to Defendant—a phone and a smart watch in addition to the tablet (ECF No. 20-4 at 1-10).[3] She also wrote in both documents that Bennett told her Defendant always had all three devices in his possession. (ECF Nos. 20-1 at 7, 20-4 at 9.) Detective Thomsen's Application was granted. (ECF No. 20-4 at 11-13.) Detective Thomsen's colleagues found 300 images of

---

[3] In addition, Detective Thomsen noted in her affidavit filed in support of her Application that Defendant pleaded guilty to possession of child pornography in 2003, and had missed a required sex offender registration. (ECF No. 20-4 at 9-10.) She noted this history made it reasonable to believe that Bennett's tip as to the child sexual abuse imagery on Defendant's tablet was reliable. (*Id.* at 10.) Detective Thomsen found Defendant at the Washoe County Senior Center, and arrested him for failing to update his address. (*Id.*)

2

alleged child pornography on the tablet, but were unable to download anything from the phone or watch. (ECF No. 25 at 2.)

However, Detective Thomsen also learned other information from Bennett in her recorded interviews with him that she did not include in her Application. First, Bennett told Detective Thomsen that he is an ex-felon. (ECF No. 20 at 3.) Specifically, he was convicted of obtaining money by false pretenses and grand larceny in 2007—for stealing a mobile home, forging its title, and selling it to someone else for $20,000. (ECF No. 20-3.) Second, Bennett told Detective Thomsen he had the passwords to Defendant's electronic devices, and had accessed them when Defendant was not there on at least one occasion. (ECF No. 27 at 7.) Third, Bennett told Detective Thomsen that he wanted to see Defendant arrested. (*Id.*) As noted, Detective Thomsen did not include any of this in her affidavit she filed in support of her Application. (ECF No. 20-4.)

### III. DISCUSSION

Defendant requests a *Franks* hearing because he argues these omissions were material. (ECF No. 20 at 7-10.) The government responds that a *Franks* hearing is not justified because the omissions were not material. (ECF No. 25 at 2-5.) The Court agrees with Defendant. The Court will hold a *Franks* hearing to determine whether Detective Thomsen's omissions of the details of Bennett's prior felony conviction—and the other things he told her that she did not include in the affidavit—were sufficiently material to the issuing judge's decision to issue her a search warrant to merit suppression.

In *Franks*, the Supreme Court established a two-prong test for overturning a judicial officer's probable cause finding. First, there is a "presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S at 171. Second, a defendant is entitled to an evidentiary hearing on the validity of the affidavit only if he can make a "substantial showing" that: (1) the affidavit contains intentionally or recklessly false statements or misleading omissions and; (2) the affidavit cannot support a finding

of probable cause without the false information or with the misleading omissions. *Id.* at 171-172.

The Ninth Circuit has articulated five requirements that a defendant must satisfy to warrant a *Franks* hearing: "(1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; (5) the challenged statements must be necessary to find probable cause." *U.S. v. Perdomo*, 800 F.2d 916, 920 (9th Cir. 1986) (quoting *U.S. v. Dicesare*, 765 F.2d 890, 894-95 (9th Cir. 1985)). In other words, a defendant must show that the affidavit could not support a finding of probable cause even if it were purged of its falsities and/or supplemented by its omissions. *See U.S. v Stanert*, 762 F.2d 775, 780-81 (9th Cir. 1985).

Here, the Court finds that a *Franks* hearing is warranted because Defendant has made a substantial showing that Detective Thomsen's omissions from her affidavit were misleading, and her affidavit may not be able to support a probable cause finding once those omissions are added back in. To start—and contrary to the government's main argument (ECF No. 25 at 2)—the Court finds that Detective Thomsen's omissions may be material. Detective Thomsen's affidavit consists primarily of information she gathered from Bennett. (ECF No. 20-4.) If that information was not reliable, and thus had not been given any weight by the issuing judge, not much information would remain in the affidavit from which the judge could have found probable cause. And the information about Bennett Detective Thomsen chose to omit—his felony conviction bearing on his truthfulness, statements to the effect that he could access the tablet without Defendant's knowledge and consent, and his desire to see Defendant arrested—tends to suggest Bennett was not a reliable source of information. The omission of this information was therefore misleading. And while Defendant has not yet proven the warrant would not have

4

issued if the misleading omissions were added back in, at this stage, Defendant has made a sufficient showing that he is entitled to a *Franks* hearing. *See also United States v. Gonzalez, Inc.*, 412 F.3d 1102, 1111 (9th Cir. 2005), *amended on denial of reh'g*, 437 F.3d 854 (9th Cir. 2006) ("at this stage we simply require the defense to make a substantial showing that supports a finding of intent or recklessness").

The Court does not place much weight on the distinction the government attempts to draw between informants and tipsters. (ECF No. 25 at 3-4.) Regardless of how the Court characterizes Bennett, his reliability is key to the probable cause finding embedded in the warrant because information Bennett provided makes up most of the substance of Detective Thomsen's affidavit. And she omitted information she had about him that would cast doubt on his reliability. The Court is thus unpersuaded by the government's argument that Detective Thomsen's omissions were not material because Bennett was a mere tipster, and not an informant.

Further, Defendant has presented evidence both in the form of a copy of a recording of Detective Thomsen's interview of Bennett, and the publicly-available documents regarding Bennett's conviction for a felony bearing on his truthfulness, which support Defendant's claim Detective Thomsen omitted various details from the affidavit she filed in support of her application for a search warrant. (ECF Nos. 20-2, 20-3, 20-4.) This also weighs in favor of granting Defendant's request for a Franks hearing. *See Gonzalez,* 412 F.3d at 1110 (finding the district court properly held a *Franks* hearing where the "defense filed 100 pages of attachments to support its claims of misrepresentations and omissions in the wiretap affidavits"). The government also does not present any evidence, or otherwise appear to dispute, Defendant's argument that Detective Thomsen had the information she omitted from the affidavit, and chose to omit it. Thus, the evidence before the Court suggests a *Franks* hearing is warranted.

In sum, the Court will hold a *Franks* hearing on the search warrant that led to the discovery of child exploitation imagery on the tablet focusing on Detective Thomsen's omissions in her affidavit in support of her Application.

**IV.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant's request for a *Franks* hearing contained within his motion to suppress (ECF No. 20) is granted. The Court will set the date and time of the *Franks* hearing by separate minute order.

DATED this 27th day of November 2019.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE